CASE 16—PETITION EQUITY—JUNE 10.

# Field vs. Burnam, &c.

APPEAL FROM MADISON CIRCUIT COURT.

1. Interest should be allowed on cash advances, not as a matter of discretion in the jury or court, but as matter of legal damages.
2. The disallowance of interest on cash advances, by the circuit court, is error, and, for this error alone, the judgment is reversed.

S. TURNER,                                    For Appellant,
CITED—
7 *Monroe*, 213; *Sanders vs. Vance.*
5 *Dana*, 400; *Taylor vs. Knox.*
1 *Marshall*, 577; *Cartmell vs. Brown.*
1 *J. J. Mar.*, 556; *Stagner vs. Fox.*
1 *J. J. Mar.*, 582; *Noland vs. Richards.*
3 *J. J. Mar.*, 380; *Downing vs. Dean.*

BURNAM & CAPERTON,                        For Appellees,
CITED—
*Hardin*, 579; 1 *Bibb*, 325, 446; 3 *Littell*, 71.
1 *Mon.*, 150; 4 *Mon.*, 164.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

Appellees constituted the company which jointly owned the Messenger newspaper establishment, and the remainder found due to appellant upon his account was for moneys advanced for the establishment.

The commissioner, to whom the case was referred, to state the accounts and balance, reported the remainder due Fields of four hundred and seventy-four dollars and

forty-five cents, on which he allowed interest amounting to one hundred and seventy dollars and eighty cents.

The court, on exceptions, struck out this interest item, and this is the only substantial error complained of.

It is insisted by appellees that the court was not bound to give interest, and that it was at best but a discretion to allow or disallow it; and, having refused that, this court should not reverse by reason thereof, and refer to several cases of disallowance of interest by this court.

In all these cases interest was disallowed on unliquidated accounts for labor or articles sold and delivered; and some loose statements, as to the rules applicable even to accounts for money advanced, may be found; but these were not under consideration, and merely stated *arguendo*.

In *Sedgwick on the Measure of Damages*, 379, it is said, that there is considerable conflict and contradiction between the English and American cases on this subject. But, as a general thing, it may be said, that, while the tribunals of the former country restrict themselves, generally, to those cases where an agreement to pay interest can be inferred, the courts of the United States, on the other hand, have shown themselves more liberally disposed, making the allowance of interest more nearly depend on the equity of the case, and *not requiring either an express or implied promise to sustain the claim.*

In *Reed vs. Ransalear Glass Factory*, 3 *Cowen*, 393, and 5 *Cowen*, 587, and *Van Rensselear vs. Jones*, 2 *Bar. S. C. R.*, 643, will be found an able review of all the American cases; and the New York courts have laid down the following rules as to interest:

1. Upon a special agreement.

2. Upon an implied promise to pay it, which may arise from the usage of the parties, or usage of a particular trade.

3. Where money is withheld against the will of the owner.

4. By way of punishment for any illegal conversion or use of another's property.

5. *Upon advances of cash.*

In the first case, and even earlier, in *Liotard vs. Graves* (3 *Caines*, 226), interest was allowed upon a running account for cash advances, without any liquidation of the account or promise to pay it.

And we think the modern doctrine, modified by the wants and necessities of commerce, as the ancient common law rules seem to be, may now be regarded as allowing interest on cash advances, not as matter of discretion in the jury or court, but as matter of legal damages; and, consequently, the disallowance of interest by the court was error.

Wherefore, the judgment is reversed, with directions to allow the legal rates of interest on appellant's advances of cash, but not on other items.