## E. C. ROACH *v.* T. H. SCOTT.

**Judgment—Rendered on Allegations in Petition.**

A judgment can only be rendered in accordance with the allegations of a petition, which must control the prayer.

**Same.**

Where there is a variance betweent the allegations and the prayer in a petition, a judgment should be for the amount shown by the allegations.

**Interest—When Allowed by The Court.**

In a suit for recovery of amount due for sale of a consignment of tobacco, interest should be allowed on the account, from the time it should have been paid, and not from the date of filing the suit.

APPEAL FROM HICKMAN CIRCUIT COURT.

April 15, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Scott sued Mrs. Poindexter, E. A. Roach and Daniel Gould as partners trading under the style of Poindexter & Co., for money had and received to his use as the proceeds of three hogsheads of tobacco of 1500 lbs. each, shipped to them at New Orleans, and sold by them in the year of 1861, averring

"that the sales of said three hogsheads amounted to at least $200, and that the defendants have accounted to him for the proceeds of the sale of only two of the said three

hogsheads of tobacco equal to *$150*, and that the remainder say *$500* and interest remains unpaid."

Process being served on Roach only, a judgment by default was taken against him for five hundred dollars, with interest from October 13, 1866, which he seeks to reverse.

There being no motion for a new trial, nor bill of exception containing the evidence, if any was heard, the judgment must be tested on the validity of the petition.

The averment is that the tobacco sold for two hundred dollars, and that only one hundred and fifty dollars had been paid over, therefore, it shows only fifty dollars remained to be paid and this must control the prayer of the petition, though a judgment for five hundred dolars was asked.

It may be possible that as the amount for which the tobacco was averred to be sold was put down in figures it was intended to aver it sold for two thousand dollars, instead of two hundred, and as the credit was likewise set out in numerals, it may have been intended for fifteen hundred, instead of one hundred and fifty dollars, but there is nothing in this record to justify a judicial determination of any such mistake. It was therefore eroneous to adjudge by default five hundred dollars upon the allegations of this petition.

The averment is that this tobacco was shipped and sold in the year of 1861, hence as matter of law interest should be allowed on the money not paid over from the time it should have been so paid, and not from the date of filing the suit, as was decided by this court in *Field v. Burnam, 3 Bush, 518.*

Wherefore, the judgment is reversed for further proceedings consistent herewith.

*Craddock & Trabue, for appellant.*